IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT exacerbate ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLENE P. WADE, #154702, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:09-CV-0089-TMH |
| | ) |
| J. MOORE, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is pending before the court on a 42 U.S.C. § 1983 complaint filed by Charlene P. Wade ["Wade"], a state inmate confined at the Julia Tutwiler Prison for Women, on February 3, 2009. In her complaint, Wade complains of an altercation with a correctional officer she initiated and exacerbated on November 22, 2008.

Pursuant to the orders of this court, the defendant filed a written report supported by relevant evidentiary materials in which he addressed the claim for relief presented by Wade. The report and evidentiary materials refute the self-serving, conclusory allegations presented in the instant cause of action. The court thereafter issued an order directing Wade to file a response to the written report. *Order of March 17, 2009 - Court Doc. No. 8.* The order advised Wade that her failure to respond to the defendant's written report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [her failure] to file a**

**response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id*. The time allotted Wade for filing a response in compliance with the directives of this order expired on April 6, 2009. As of the present date, Wade has failed to file a requisite response in opposition to the defendant's written report. In light of the foregoing, the court concludes that this case should be dismissed.

The court has reviewed the file in this case to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case without prejudice is the proper course of action. Wade is an indigent inmate. Thus, the imposition of monetary or other punitive sanctions against her would be ineffectual. Additionally, Wade has exhibited a lack of deference for this court and its authority as she has failed to comply with the directives of orders entered in this case. It is therefore apparent that any additional effort by this court to secure Wade's compliance would be unavailing. Consequently, the court concludes that the plaintiff's abandonment of her claim, her failure to comply with orders issued herein and her failure to properly continue prosecution of this cause of action warrant dismissal of this case.

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice. It is further

ORDERED that on or before April 27, 2009 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 14th day of April, 2009.

 /s/Terry F. Moorer
 TERRY F. MOORER
 UNITED STATES MAGISTRATE JUDGE